UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ST. MARY'S PARISH,<br><br>     Plaintiff,<br><br>v.<br><br>THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION and JEANETTE M. LEINO, EEOC DISTRICT DIRECTOR,<br><br>     Defendant. | No. C05-1297MJP<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S APPLICATION FOR PRELIMINARY INJUNCTION |

  This matter comes before the Court on Plaintiff St. Mary's Parish's ("SMP's") Application for a Preliminary Injunction (Dkt. No. 6) and Defendants' (collectively referred to as "EEOC's") Motion to Dismiss (Dkt. No. 8). This case is very closely related to <u>The Catholic Archdiocese of Seattle v. EEOC, et al.</u>, which is also pending before this Court as case 05-1298MJP and in which similar motions have been filed. In both cases, Plaintiffs SMP and Catholic Archdiocese of Seattle ("CAS") seek declaratory relief from this Court. They both claim that Defendant EEOC took *ultra vires* action when it issued a reasonable cause determination ("RCD") against them related to alleged sexual discrimination toward two seminarians from Mexico. Plaintiffs also allege that the EEOC has violated the establishment clause of the First Amendment by issuing the RCD. CAS and SMP claim that the RCD has injured them and requests that this Court enjoin Defendant EEOC from acting on the RCD and from continuing its investigation. Defendant EEOC moves for dismissal of both cases under FRCP 12(b)(1) and (6) on the grounds that neither Plaintiff has standing to bring this claim and

ORDER - 1

that it is not ripe for this Court's review. EEOC further contends that Plaintiffs' claims fail because there is no statute waiving the government's sovereign immunity in this case. Plaintiffs argue that the APA contains a waiver of sovereign immunity, which is applicable in this case. They also note that sovereign immunity does not bar declaratory judgment actions. Finally, they argue that there is a presumption in favor of judicial review in most cases and that this case centers on an actual controversy that must be resolved by this Court. Having reviewed both Plaintiffs' applications for preliminary injunction, the EEOC's motions to dismiss in both cases, and all other pertinent pleadings and documents, the Court GRANTS the EEOC's Motion to Dismiss SMP's case for failure to state an injury-in-fact and DENIES SMP's application for preliminary injunction as moot.

BACKGROUND

In May 2004, Cesar Rosas and Jesus Alcazar, seminarians from Mexico, made complaints to the EEOC that they experienced sexual harassment while employed by Defendant CAS. These complaints noted that both seminarians performed duties at St. Mary's Parish. The EEOC notes that only Plaintiff CAS was a Respondent named in the EEOC charges. However, Plaintiff SMP argues that the EEOC did pursue investigations against the church. Both Plaintiffs argue that the EEOC's investigation and subsequent RCD were *ultra vires* actions. Plaintiff SMP makes the argument that it is not within the EEOC's jurisdiction to investigate it because it employs less than 15 people and cannot be considered an "employer" under statute. The CAS argues that it is a violation of the Establishment Clause for the EEOC to construe seminarians as employees under statute.

In any case, the EEOC began an investigation into Mr. Rosas and Mr. Alcazar's complaints. The EEOC requested information from Plaintiffs and sought interviews with CAS employees. Plaintiffs denied these requests, stating that the EEOC lacked jurisdiction. The EEOC then made a limited inquiry into whether or not it had jurisdiction to investigate the Archdiocese and concluded that it did. It then issued requests to interview CAS and SMP officials regarding the sexual harassment claim. Both Plaintiffs refused. In Plaintiffs' motions they note that the decision to refuse the interviews was a tactical one, made in the hope that the EEOC would issue subpoenas and CAS

ORDER - 2

and SMP would have a chance to challenge the subpoenas on the grounds of jurisdiction, in order to gain review of the prior EEOC determination.  However, the EEOC did not issue subpoenas, but inferred that because CAS and SMP officials were refusing the interviews, the interviews would have hurt Plaintiffs' case.  Relying on this inference, the EEOC issued an RCD that found that there was reason to believe that the harassment of Rosas and Alcazar had occurred.  The Plaintiffs now bring nearly identical motions for preliminary injunction asking that this Court enjoin the EEOC from undertaking further investigation into this matter and that the Court prevent the EEOC from using the RCD against Plaintiffs in future legal proceedings.  Plaintiffs bring the underlying action under the 28 U.S.C. §1331, the Declaratory Judgment Act (28 U.S.C. §§2201 and 2202, the Administrative Procedures Act (5 U.S.C. §551), the mandamus statute (28 U.S.C. § 1361), and 28 U.S.C. §1346(a)(2).  Defendants move to dismiss both actions for a lack of ripeness, standing, jurisdiction, and failure to state a claim upon which relief may be granted.

## ANALYSIS

**A. Plaintiffs Lack Standing**

Federal courts are courts of limited jurisdiction.  As such, there is a presumption against jurisdiction, which the party asserting jurisdiction must overcome in order to maintain a claim in federal court. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  Article III of the Constitution requires that the party bringing the suit demonstrate, as a threshold matter, that there is a live "case or controversy" for the Court to adjudicate.  O' Shea v. Littleton, 414 U.S. 488, 493 (1974).  Standing is a "core component" of the Article III case or controversy requirement. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  In order to show standing, Plaintiffs must demonstrate:  1)  an injury-in-fact, 2) a causal connection between the injury and the conduct that gives rise to the suit, and 3) that the injury must is redressable by a favorable court decision.  Id. Plaintiffs' claims fails on the first prong of this test because they do not demonstrate an injury in the cases at hand.

**1. No Injury**

Plaintiffs allege that they have been injured by the EEOC's *ultra vires* investigation and by the issuance of the RCD because the RCD is *per se* admissable in the 9th Circuit in a jury trial. (Ps' Opps. at 14). Plaintiffs also claim that it has been injured by the *ultra vires* investigation by the "diversion of time of individuals." (Id. at 12). Neither of these claims meet the elements of "injury-in-fact" under Lujan, which requires that claimed injuries must be "concrete and particularized [and]. . .'actual or imminent, not conjectural or hypothetical,'" in order to meet the requirements of standing. Id.

Plaintiffs compare their injuries to those of the plaintiffs in The Presbyterian Church (U.S.A.) v. United States, 870 F. 2d 518 (1989). In Presbyterian Church the District Court originally dismissed the case for lack of standing under the First Amendment, on the basis that only individuals and not corporations had standing to bring First Amendment claims. However, the Ninth Circuit overruled the District Court. This holding was based on the nature of plaintiff's claim in that case, which alleged that INS officials had been attending several churches while wearing "bugs" without a warrant or probable cause to support their investigation. When the investigation became public, attendance at church and church functions dropped and congregants stopped participating in the life of the religious community. The Ninth Circuit likened the church's injury that case to a "'reputational' or 'professional'" injury. Id. at 522-23. Here, there are no allegations that attendance at St. Mary's Parish or at the Catholic churches throughout Seattle has dropped, or that the reputations of Plaintiffs has been affected in any way.

The fact that the RCD could be admissible at trial *if there is a trial* is purely speculative. Neither the EEOC nor either of the complaining parties has brought an action against Plaintiffs. In fact, the EEOC has not yet finished its investigation. In letters dated July 11, 2005, Defendant Leino advised Archbishop Brunett that she would be referring the claims of Rosas and Alcazar to the EEOC's legal department. (Second Reeve Decls., Exs. F & G). The EEOC's legal department's responsibility is to decide whether or not to proceed with the case itself or to issue a "right to sue"

letter to the complaining parties. (Defs' Resp. at 3). If a determination to sue is made, the district court hearing will be a *de novo* proceeding at which Plaintiffs will have a chance to present their jurisdictional defenses to this case and their objections to the RCD. However, this Court may not make an advisory ruling on those issues until that case is properly before this Court, which it is not in its current form.

Plaintiffs additionally claim injury by virtue of the fact that individuals within their organizations have had their time diverted toward the EEOC inquiry into Rosas' and Alcazar's complaints. However, this type of injury does not make Plaintiffs' case a justiciable one. F.T.C. v. Standard Oil of CA, 449 U.S. 232, 243 (1980). Similar to the FTC's issuance of a complaint in Standard Oil the EEOC's RCD has no "legal force or practical effect" on Plaintiffs' daily business because it is not a final agency determination. Id.; Georator Corp. v. EEOC, 592 F. 2d. 765, 768 (4th Cir. 1979). The determination that Plaintiffs lack standing because they have not articulated an injury-in-fact serves to render all claims non-justiciable. Therefore, the Court GRANTS Defendants' Motion and DISMISSES this case.

**II. Preliminary Injunction Motions:**

Because the Court has decided that there is not sufficient injury-in-fact on which to base Plaintiff's case and is dismissing it, the Court must also DENY the Plaintiff's Application for Preliminary Injunction as moot.

**III. Conclusion:**

The Court should DISMISSES Plaintiff SMP's case for an insufficient showing of injury-in-fact and DENIES Plaintiff's Application for Preliminary Injunction as moot.

The Clerk of the Court shall direct a copy of this order be sent to all counsel of record.

Dated: September 26th, 2005.

Marsha J. Pechman
United States District Judge

ORDER - 5